# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
# AT KNOXVILLE
### Assigned on Briefs May 26, 2010

## STATE OF TENNESSEE v. PHILIP MICHAEL PATTERSON

**Direct Appeal from the Circuit Court for Blount County**
**No. C-16661, C-16662, C-16663    Jon Kerry Blackwood, Judge**

---

**No. E2007-02788-CCA-R3-CD  - FILED NOVEMBER 10, 2010**

---

The Defendant-Appellant, Phillip Michael Patterson, pled guilty in the Circuit Court of Blount County to two counts of aggravated kidnapping, a Class B felony, one count of aggravated burglary, a Class C felony, one count of aggravated robbery, a Class B felony, two counts of theft of property between $1,000 and $10,000, a Class D felony, and one count of theft under $500, a Class A misdemeanor.  He received an effective sentence of thirty years in the Tennessee Department of Correction.  Patterson subsequently appealed his guilty pleas, and a protracted procedural history developed.  On appeal, two of Patterson's claims remain: (1) whether the trial court erred by denying, without a hearing, his "Motion for Modification or Reduction of Sentence"; and (2) whether his convictions are void because he did not sign the plea agreement.  Upon review, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which NORMA MCGEE OGLE J. joined.  JAMES CURWOOD WITT, JR., J., not participating.

Kristin Godsey, Powell, Tennessee, for the Defendant-Appellant, Phillip Michael Patterson.

Robert E. Cooper, Jr., Attorney General and Reporter; Matthew Bryant Haskell, Assistant Attorney General; Mike Flynn, District Attorney General; and Robert Headrick, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

**Background**.  The facts supporting the convictions were set forth by the State at the guilty plea hearing.  The State alleged:

[I]f this [case] were called to trial, the State would be prepared to prove and elicit testimony from the victims in this matter, that being Charlene and Keith Patterson, the Defendant's grandparents, Your Honor, that on the date in question–that being March the 22nd of 2007–Co-Defendant Curlee, Shelley Curlee, who is also before the Court today, did in fact enter the Patterson's residence, which was located in the Friendsville area, Your Honor, at 111 Hamil Road. She was–it was almost right around midnight. She was feigning car trouble as well as that her small child was also stranded with her in the car. Almost simultaneously to Mr. Patterson opening the door, Co-Defendant Veric Osgood came in behind Ms. Curlee. Ultimately, Mr. Patterson was, in fact, forced to the floor, bound and held at gunpoint by the Co-Defendant–that being Veric Osgood. Mrs. Patterson exited the bedroom right about the same time that her husband was being forced to the floor. Co-Defendant Curlee ordered Mrs. Patterson to be seated in one of the chairs. She was also held at gunpoint by Co-Defendant Veric Osgood.

About the same time Mr. Patterson entered the residence with a hood on pulled down over his face, hiding his identity from his grandparents. Mr. Patterson did, in fact, instruct Co-Defendants as to where certain items were located in the residence. As far as money and personal belongings that were in fact taken by all three Co-Defendants, that's also including car keys and house keys. One of the car keys, they actually utilized to steal the elderly couple's Ford Explorer, which the Defendant and Co-Defendants were ultimately caught in with personal items and jewelry and money and things belonging to the Pattersons at a later time. Also taken off of Mr. Patterson was a cigarette . . . and lighters . . . and a certain amount of change were taken from his person by the . . . Co-Defendant.

Statements were taken by representatives of the Blount County Sheriff's Department, that being the lead detective James Wilson, wherein Mr. Patterson did confess to all of these offenses and incidents and gave statements–a videotaped statement relating thereto.

In the case number C-16663, the State would be prepared to prove and elicit testimony from the victim in that case–that's Ronald Baker–that on September the 26th, 2006, the Defendant did in fact exercise control over his property, that being certain building materials, and he did so without the victim's permission. Same factual basis, Your Honor, as far as the misdemeanor theft as well.

The record includes a copy of the plea agreement, which is entitled "Request for Acceptance of Pleas of Guilty[,] Petition to Waive Trial by Jury and to Waive an Appeal." The plea agreement sets forth the charges against Patterson. It also lists the minimum and maximum sentence for each offense. The plea agreement provides the sentences Patterson would receive if he pled guilty to the charged offenses. It states:

5. I understand that my sentence upon a plea of guilty, if accepted by the Court, will be:

|  | Sentence, Concurrent, Range, Fine, Consecutive |
|---|---|
| 1. Agg[.] Kidnapping | 12 years at 85% to serve concurrent w/ [in original] |
| 2. Agg[.] Kidnapping | 12 years at 85% concurrent with [count 1] |
| 3. Agg[.] Robbery | 12 years at 30% to serve consecutive w/ all else |
| 4. Agg[.] Burglary | 6 years at 30% to serve consecutive |
| 5. [Blank] | w/ all else. |
| 6. Theft over $1,000 | 4 years to serve at 30% concurrent w/ all else |
| 7. Theft over $1,000 | 4 years to serve at 30% concurrent w/ all else |
| 8. Theft under $500 | 11 months 29 days to serve concurrently w/ all else |

The plea agreement lists the constitutional rights waived by pleading guilty, including the right to an appeal. The plea agreement was not signed by Patterson. The trial judge signed the space designated for the defendant's signature.

During the plea hearing, the trial court went through each of the charges and the potential sentences. Patterson testified that he understood this information. The trial court reviewed the rights waived by pleading guilty, including the right to an appeal. Patterson acknowledged that he understood these rights. The trial court then went through the sentences he would receive upon pleading guilty. The sentences were identical to those listed

in the plea agreement other than two exceptions. The trial court said Patterson had to serve 100% of his two sentences for aggravated kidnapping. This contradicted the plea agreement, which stated that he would be eligible for parole after serving 85% of these sentences. Patterson said he understood that he would have to serve 100% of his sentences for aggravated kidnapping. On three separate occasions, the trial court told Patterson that he would receive a thirty-year sentence under the plea agreement. At the conclusion of the plea hearing, Patterson said he wanted to plead guilty. The judgments were entered on June 19, 2007. Patterson was ordered to serve 100% of his sentences for aggravated kidnapping

An extended procedural history developed after the judgments were entered. Patterson filed a pro se notice of appeal on June 19, 2007. It alleged that the trial court and Patterson's attorney failed to adequately explain the plea agreement. Patterson claimed he was never told that he would receive a thirty-year sentence. He also argued that his sentence was excessive. Patterson said he intended to file a petition for post-conviction relief. The trial court dismissed the notice on June 19th because the guilty pleas were not subject to an appeal.

On September 12, 2007, Patterson filed a pro se "Motion for Modification or Reduction of Sentence" pursuant to Rule 35(b) of the Tennessee Rules of Criminal Procedure. This motion was accompanied by a pro se memorandum in support. It asked the trial court to reduce his sentence. The memorandum included the following argument:

> The Defendant was misled by his attorney to waive the indictment and plead guilty to information which states untrue and unprovable crimes. He was led to believe that he was only pleading guilty to the charges of theft, because those are the charges of which he is guilty.

Patterson also claimed his sentence was excessive because he was self-employed and had "no criminal record of which to speak."

On October 2, 2007, the trial court ordered the Public Defender's Office to represent Patterson on the Rule 35 motion. It granted Patterson a hearing after finding that "there may be merit in the Defendant's motion." The trial court ordered the Public Defender's Office to "amend the pro se motion filed by the Defendant in any manner necessary for compliance with legal requirements and to serve a copy of the amended motion on the office of the District Attorney General." The Public Defender's Office filed a motion to withdraw as Patterson's counsel based on a conflict of interest with a co-defendant. The trial court granted this motion, and it appointed Patterson's first private counsel. First counsel also filed a motion to withdraw, which the trial court granted. Second private counsel was appointed

to represent Patterson. The record does not show that Patterson's second private counsel filed an amended Rule 35 motion.

On January 24, 2008, the trial court denied the "Motion for Modification or Reduction of Sentence" without a hearing. It found "no post-sentencing developments which would cause the Court to consider exercising its discretion to reduce the sentence originally imposed[.]"

Following the denial of the Rule 35 motion, Patterson filed several pro se motions on May 25, 2008. He filed a notice of appeal that presumably challenged the order denying the Rule 35 motion.[1] Patterson also submitted another "Motion for Correction and/or Reduction of Sentence," which was accompanied by a supporting memorandum. Patterson claimed his sentence was excessive because the trial court should not have imposed consecutive sentencing. Specifically, he argued that: (1) the offenses constituted a single course of conduct within a twenty-four hour period; (2) trial counsel was inadequate in preparing his defense; and (3) his co-defendant was responsible for the primary misconduct. Patterson asked the court to appoint counsel and to provide discovery so that he could prepare an appeal. Patterson also submitted a "Motion to Remove Appointed Counsel." He again alleged that his trial attorney misled him into accepting the plea agreement. Patterson filed a "Motion for Appointment of Counsel" and a "Request for Discovery and/or Inspection."

Just before Patterson filed the pro se motions, Patterson's second privately appointed counsel moved to withdraw as his attorney. The trial court granted this motion on June 6, 2008, and appointed third private counsel to represent Patterson. She prepared an appellate brief, which was filed on January 6, 2009. It alleged that (1) the trial court erred in dismissing his original notice of appeal; (2) the trial court erred by denying, without a hearing, his "Motion for Modification or Reduction of Sentence"; (3) his convictions were void because Patterson did not sign the plea agreement; and (4) the thirty-year sentence was excessive.

On February 2, 2009, the State filed a motion to dismiss the appeal. It argued that Patterson waived his right to a direct appeal by pleading guilty. Patterson filed a response to the State's motion on February 6, 2009. He claimed he did not waive his right to a direct appeal because he did not sign the plea agreement. Patterson's response was the last document that he filed in this proceeding.

---

[1]The pro se notice of appeal states that it was appealing a final judgment entered on May 20, 2008. This date appears mistaken because there were no final judgments entered on that date. In viewing the other pro se motions, May 20, 2008 was the date that Patterson filled out the notice of appeal. We presume that the notice was directed at the order denying the motion to reduce or modify his sentence.

On February 12, 2009, this court denied the motion to dismiss. It reviewed the extended procedural history, and it concluded that the original notice of appeal–filed on June 19, 2007–should be treated as a motion to withdraw the guilty pleas. The court stated:

> [T]he defendant's pro se pleading filed June 19, 2007 should be construed as a motion to withdraw guilty plea, as well as a prematurely filed notice of appeal. It is apparent from the pleading that the defendant alleges that he did not knowingly enter his guilty pleas due to counsel's alleged failure to advise the defendant regarding the manner of service of his sentences. Therefore, the case is remanded to the trial court for full consideration of the defendant's June 19, 2008 pleading as a motion to withdraw guilty plea. See Tenn. R. Crim. P[.] 32(f). For further instruction, the notice of appeal "shall be treated as filed after the entry of the order disposing of the motion." Tenn. R. App. P. 4(e).

After the order was issued, this court granted Patterson's third counsel's request to withdraw as counsel. Upon remand, the trial court appointed new counsel to represent Patterson.

On October 25, 2009, the trial court considered whether Patterson should be permitted to withdraw his guilty pleas. It dismissed the appeal "upon motion of the defendant." The trial court stated that "the defendant advised the Court that he no longer desired to seek relief pursuant to Rule 32, Tennessee Rules of Criminal Procedure, but wished to waive the Petition filed before the Court and to serve his remaining sentence." The record does not include a transcript of the hearing. The order was filed on November 2, 2009. Patterson did not appeal the trial court's order.

On December 9, 2009, this court informed the State that it had until January 7, 2010 to respond to Patterson's appellate brief from January 6, 2009. The implication was that this court would review issues not addressed by the motion to withdraw. The State submitted a brief on April 5, 2010. Because the brief was untimely, it will not be considered by this court.

The State filed a second motion to dismiss on January 11, 2010. It argued that Patterson's remaining claims were waived by either the guilty pleas or the order dismissing the Rule 32 claim. This court denied the motion on February 22, 2010. It acknowledged that Patterson abandoned any claim under Rule 32; however, it determined that Patterson's appellate brief included issues that were not covered by that motion. The court referred to the denial of the "Motion for Modification or Reduction of Sentence" under Rule 35(b) of the Tennessee Rules of Criminal Procedure. It also referred to Patterson's claim that his convictions were void because he did not sign the plea agreement.

-6-

**ANALYSIS**

In examining the complex procedural history, only two claims from Patterson's appellate brief are appropriate for review.[2]  First, Patterson argues that the trial court erred by denying, without a hearing, his "Motion for Modification or Reduction of Sentence." Second, he contends his convictions are void because he did not sign the plea agreement. Upon review, we hold that both issues are without merit.

Rule 35(a) of the Tennessee Rules of Criminal Procedure provides that a "trial court may reduce a sentence upon motion filed within 120 days after the date the sentence is imposed or probation is revoked."  The Advisory Commission Comment states that, "The intent of this rule is to allow modification only in circumstances where an alteration of the sentence may be proper in the interests of justice."  Under subsection (c), the trial court may deny the motion for reduction of sentence without a hearing.  This court reviews the denial of a Rule 35 motion under an abuse of discretion standard.  See State v. Ruiz, 204 S.W.3d 772, 777 (Tenn. 2006).  A trial court has abused its discretion when it applied an incorrect legal standard, or reached a decision that is illogical or unreasonable and causes an injustice to the defendant.  Id. at 778; see also State v. Herman Sowell, Jr., No. M2008-02358-CCA-R3-CD, 2010 WL 987196, at *4 (Tenn. Crim. App., at Nashville, Mar. 17, 2010).

This court has stated that a defendant may only move to reduce a negotiated sentence under limited circumstances.  See State v. Hugo Mendez, No. W2009-02108-CCA-R3-CD, 2010 WL 2836116, at *2 (Tenn. Crim. App., at Jackson, July 19, 2010) (citing State v. McDonald, 893 S.W.2d 945 (Tenn. Crim. App. 1994); see also Herman Sowell, Jr., 2010 WL 987196, at *3 ("Alteration of a negotiated plea agreement sentence is limited in scope.") (citations omitted); State v. William C. Osborne, Jr., No. M2008-00988-CCA-R3-CD, 2009 WL 1260238, at *3 (Tenn. Crim. App., at Nashville, May 7, 2009).  In McDonald, this court referred to State v. Grady Hargrove, Nos. 01S01-9203-CC-00035; 01S01-9203-CC-00036; 03S01-9203-CC-00026, 1993 WL 300759 (Tenn., Nashville, Aug. 9, 1993), which is an unpublished decision from the Tennessee Supreme Court.  McDonald, 893 S.W.2d at 947. The court in McDonald stated, "While Hargrove does not expressly provide the limits of

---

[2]Patterson's brief includes two additional claims.  First, he claims the trial court should not have dismissed his notice of appeal from June 19, 2007.  This court already awarded relief on this issue through its order on February 12, 2009.  The notice was construed as a motion to withdraw the guilty pleas and a prematurely filed notice of appeal.   Second, Patterson claims his sentence was excessive because the trial court imposed consecutive sentencing.  This issue is encompassed within the claim that the trial court erred in denying the "Motion for Reduction or Modification of Sentence."

Rule 35(b), it strongly suggests that an alteration of a defendant's sentence is generally prohibited if it violates the plea agreement entered into under Rule 11(e)(1)(C)."[3] Id. The court in McDonald concluded that despite the limited review, a negotiated plea agreement did not waive a claim under Rule 35. Id. It stated, "For example, a situation may arise where unforeseen, post-sentencing developments would permit modification of a sentence in the interest of justice." Id.

Here, the trial court denied Patterson's motion to reduce his sentence, finding "no post-sentencing developments which would cause the Court to consider exercising its discretion to reduce the sentence originally imposed[.]" Our review of the record supports this finding. Patterson outlined his grounds for reducing his sentence in the memorandum accompanying the Rule 35 motion. He asserted that he did not have a prior criminal record, that he was self-employed and would work upon release, that he was misled into pleading guilty by his attorney, and that his mother relied on him for financial support and care. The only ground that could be characterized as a post-sentencing development would be that Patterson was allegedly misled into pleading guilty. This issue was already addressed when the trial court considered the motion to withdraw the guilty pleas. The trial court found that Patterson did not wish to withdraw his guilty pleas but wanted to serve the remainder of his sentence. Patterson has not shown that the interests of justice require reducing his sentence. Thus, the trial court acted within its discretion by denying his motion without a hearing. See Tenn. R. Crim. P. 35(c) (2007). Patterson is not entitled to relief on this issue.

Patterson's other claim is that his convictions are void because he did not sign his plea agreement. Rule 11(e) of the Tennessee Rules of Criminal Procedure requires that a guilty plea be signed by the defendant. This rule does not specify the effect of an omitted signature.

We note that Patterson raises this issue for the first time in his appellate brief. Patterson certainly had the opportunity to offer an argument when the trial court considered the motion to withdraw the guilty pleas. Technically, this issue is waived because it was not raised before the trial court. See State v. Maddin, 192 S.W.3d 558, 561 (Tenn. Crim. App. 2005) (citing State v. Alvarado, 961 S.W.2d 136, 153 (Tenn. Crim. App. 1996)) ("When an issue is raised for the first time on appeal, it is typically waived."); see T.R.A.P. 36(a). As a result, we may only review this issue for plain error. See Maddin, 192 S.W.3d at 561 (citing State v. Smith, 24 S.W.3d 274, 282 (Tenn. 2000)); T.R.A.P. 36(b) ("When necessary to do substantial justice, an appellate court may consider an error that has affected the substantial rights of a party at any time, even though the error was not raised in the motion

---

[3] When McDonald and Grady Hargrove were decided, the provisions of Tennessee Rule of Criminal Procedure 11(c)(1) appeared in subsection (e)(1).

for a new trial or assigned as error on appeal."). In <u>State v. Adkisson</u>, this court stated that in order for an error to be considered plain:

> (a) the record must clearly establish what occurred in the trial court;
> (b) a clear and unequivocal rule of law must have been breached;
> (c) a substantial right of the accused must have been adversely affected;
> (d) the accused did not waive the issue for tactical reasons; and
> (e) consideration of the error is "necessary to do substantial justice."

899 S.W.2d 626, 641-42 (Tenn. Crim. App. 1994) (citations omitted). All five factors must be shown, and it is not necessary to consider every factor if it is obvious that one of the factors cannot be established. <u>Smith</u>, 24 S.W.3d at 282-83.

Consideration of this issue is not necessary to do substantial justice because no clear and unequivocal rule of law was breached. Patterson acknowledges that he could not find any case law to support his claim. We were similarly unable to locate any cases from Tennessee that addressed the omission of the defendant's signature. "A void judgment is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." <u>Taylor v. State</u>, 995 S.W.2d 78, 83 (Tenn. 1999). Based solely on the text of Rule 11, we cannot say that the trial court lacked authority to accept the plea agreement. The record shows that the trial court properly questioned Patterson at the plea hearing, and Patterson said he wished to plead guilty. We note that in other contexts this court has given deference to the testimony at the plea hearing. This court has consistently stated that the transcript from the plea hearing controls when there is a discrepancy with the judgment forms. <u>See</u> <u>State v. Mark Robert Carter</u>, No. M2007-02706-CCA-R3-CD, 2009 WL 1349206, at *1 n. 1 (Tenn. Crim. App., at Nashville, May 14, 2009) (citing <u>State v. Adrian Porterfield</u>, No. W2006-00169-CCA-R3-CD, 2007 WL 3005349, at *13 (Tenn. Crim. App., at Jackson, Oct. 15, 2007); <u>Ronald W. Rice v. David Mills, Warden</u>, No. E2003-00328-CCA-R3-PC, 2003 WL 21972930, at *3 (Tenn. Crim. App., at Knoxville, Aug. 19, 2003) (citing <u>State v. Davis</u>, 706 S.W.2d 96, 97 (Tenn. Crim. App. 1985)); <u>see also</u> <u>State v. Moore</u>, 814 S.W.2d 381, 383 (Tenn. Crim. App. 1991); <u>State v. Zyla</u>, 628 S.W.2d 39, 42 (Tenn. Crim. App. 1981). In accepting the plea agreement, the trial court did not breach a clear and unequivocal rule of law. Therefore, Patterson is not entitled to relief on this issue.

## CONCLUSION

Based on the foregoing, the judgments of the trial court are affirmed.

_____
CAMILLE R. McMULLEN, JUDGE